IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANN GREEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT JO ANN GREEN<br><br><br><br>Case No. 1:03-CV-108 TS |

This matter is before the court on Plaintiff's Motion for Summary Judgment against Defendant Jo Ann Green on its second cause of action.

Plaintiff brought three causes of action against the various defendants herein, including Ms. Green. The first cause of action is for unauthorized reception of satellite signal in violation of 47 U.S.C. § 605(a). The second cause of action is for unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a). Plaintiff

1

represents that it will dismiss its third cause of action, for possession of a pirate access device in violation of 18 U.S.C. § 2512(1)(b).[1]

Plaintiff moves for summary judgment on only its second claim for relief that Defendant Green violated 18 U.S.C. § 2511(1)(2) by the interception of its satellite signal. In support of its allegation that there are no material issues of fact, Plaintiff relies on facts established by being deemed admitted when Defendant Green, who is acting pro se, failed to respond to its Requests for Admissions. Plaintiff has established that it served the Request for Admissions on Defendant Green on January 14, 2005, and that she has not responded. It is clear that "[d]ue to [defendant Green's] failure to timely respond to the request for admissions [she] is deemed to have admitted them. *Ekotek Site PRP Committee v. Self,* 932 F.Supp. 1328, 1336 -1337 (D. Utah 1996) (citing Fed. R. Civ. P. 36(a)). In the present case, that means that she has admitted the following:

> [That she] purchased three "bootloaders"[2] in July 2001.
>
> [That she] knew the three bootloaders had the primary design and purpose of assisting in the unauthorized reception of DirecTV satellite TV signal.

---

[1] In its July 16, 2004 Order Granting Dinh's Motion to Dismiss, this court adopted and followed the reasoning of *DirecTV v. Treworgy*, 373 F.3d 1124 (11th Cir. 2004), holding that possession is insufficient to establish a private cause of action under § 2512.

[2] The Complaint, ¶ 12(a), alleges that the bootloaders are pirate access devices, namely devices that are "designed to permit viewing of DirecTV's television programming without authorization by or payment to DirecTV." Id. at ¶ 4.

> [That she] used one of the bootloaders purchased in July, 2001, to intercept without authorization DirecTV satellite TV signal.

Pl.'s Request for Admissions, ¶¶ 6-7 and 9.

By these deemed-admitted facts, Plaintiff has shown a violation of 18 U.S.C. § 2511(1)(a). Defendant Green has not responded to the motion.

As this court noted in its July 16, 2004, Order Granting [Defendant] Dinh's Motion to Dismiss, at 2-3, the standard for granting summary judgment is as follows:

> Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
>
> To meet the burden of production required to support summary judgment, the movant "need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992) (citing *Celotex*, 477 U.S. at 322-23). Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law "given [the] uncontroverted, operative facts." *Id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The substantive law of the case determines which facts are material. *See id*.
>
> Where a movant has met the initial burden required to support summary judgment, the non-movant then "must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot ... under Rule 56(f)." *Pasternak v. Lear Petroleum Exploration*, 790 F.2d 828, 832 (10th Cir. 1986). Conclusory allegations made by a non-movant will not suffice. *See Allen v. Muskogee, Oklahoma*, 119 F.3d 837, 843-44 (10th Cir. 1997). Instead, "sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Thomas*, 968 F.2d at 1024.

*United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997).

Accordingly, the court must find that Plaintiff has shown that there are no material issues of fact and that it is entitled to judgment as a matter of law on its second claim for relief.

Pursuant to 18 U.S.C. § 2520(c)(2)(b), Plaintiff seeks statutory damages for the violation of 18 U.S.C. § 2511(1)(a).

The court notes that the amount of statutory damages available under the second claim for relief, under § 2520(c)(2)(b), is far greater than those available under its first cause for relief under § 605, explaining why summary judgment is sought only on the former. *See DirecTV v. Neznak*, 371 F.Supp.2d 130, 134-35 (D. Conn. 2005) (comparing damages available under 47 U.S.C. § 605(e)(3)(c)(i)(II) (allowing award of damages between $1,000 and $10,000 as court considers just) with damages awarded under 2520(c)(2)(B)).

The damages awardable under § 2520(c)(2)(B) are as follows:

> (2) In any other action under this section, the court <u>may</u> assess as damages <u>whichever is the greater of</u>--
>
> > (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> >
> > (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2) (emphasis added).

Because § 2520(c)(2) uses the word "may," an award of damages is discretionary. Moreover, because the statute provides for an award of the "greater of" the $100 a day or $10,000, in cases like the present there is no evidence of actual damages, of a defendant's profits, or of the duration of the violation, the court must either award the entire $10,000,

4

or decline to award any damages.  *Id.* (collecting cases).  In *DirecTV v. DeCroce*, 332 F.Supp.2d 715, (D. N.J. 2004), the court noted:

> Once the Court elects to award damages under Section 2520, the Court is strictly curtailed regarding the *amount of* damages.  The Court must award the greater of (1) actual damages, (2) statutory damages of $100 a day for each day of violation, or (3) statutory damages of $10,000.  . . .  This means that, as a practical matter, if the Court determines that damages are appropriate, the Court *cannot* award less that $10,000 regardless of how trivial the transgression might be.  Depending upon the extent of the violation, a damages award could reach a draconian level totally disproportionate to the harm actually suffered.

*Id*. (emphasis in original and citation omitted).

The *DeCroce* case found that there is "no private right of action under section 2520(a) based on a defendant's unauthorized interception of DirecTV's satellite television programming." *Id*. at 721-22.  *But see DirecTV, Inc. v. Hart*, 366 F.Supp.2d 315 (E.D. N.C. 2004) (declining to follow *DeCroce*) and *DirecTV Inc. v. Nicholas*, 403 F.3d 223, 225 -227 (4th Cir. 2005) (deciding that "under 18 U.S.C. § 2511 and 18 U.S.C. § 2520, DirecTV can maintain a civil action against [a defendant] for his alleged interception of DirecTV's encrypted transmissions.").

The present case does not involve a challenge to the existence of a private cause of action under 18 U.S.C. § 2511 and 18 U.S.C. § 2520, and therefore, the court need not address that issue.  However, the court agrees with cases discussing the availability of such a cause of action to the extent that they point out the "draconian" nature of the $10,000 penalty under 18 U.S.C. § 2511 and 18 U.S.C. § 2520. This is especially true, where the award of damages is in addition to an award of attorneys fees and costs as part of the award of damages under a claim under § 605.  For this reason, courts have declined

5

to award any damages under § § 2511 and 2520 where there will also an award under § 605 for the same underlying conduct. *DirecTV v. Huynh*, 318 S.Supp.2d 1122, 1132-32 (M.D. Ala. 2004) (listing factors that may be considered in deciding whether to award damages under § 2520(c)(2)).

Moreover, the court notes that in a case where no actual damages are shown, an award of declaratory and injunctive relief as well as "a reasonable attorney's fees and other litigation costs reasonably incurred" pursuant to 18 U.S.C. § 2250(b)(1) and (3), may be sufficient to compensate the Plaintiff as well as to deter other wrongdoers from the unauthorized use of Plaintiff's signals.

In the present case, Plaintiff seeks summary judgment only on the claim under § §2511 and 2520. It is not clear what disposition Plaintiff intends to make of its first cause of action, based on the same underlying conduct, or it intends to seek reasonable attorneys fees and other litigation costs under § 2250 (b)(3), or injunctive relief under § 2250(b)(1). Therefore, even though Defendant Green has provided nothing in opposition to the request for the statutory damages of $10,000, this case is not in a posture where the court can determine whether it should exercise its discretion to award statutory damages of $10,000. It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment on its second claim for relief is GRANTED. It is further

ORDERED that Plaintiff's request for damages in the amount of $10,000 pursuant to 18 U.S.C. § § 2511 and 2520(c)(2) is DENIED without prejudice to its renewal at the time all claims against Defendant Green are resolved.

DATED this 21st day of July, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge